UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
SHANNON SMALLS,

                                Plaintiff(s),

       -against-

THE CITY OF NEW YORK (CITY); THE NEW YORK CITY POLICE DEPARTMENT (NYPD); Individually and in his official capacity as then-NEW YORK CITY POLICE OFFICER, POLICE OFFICER JERRY BOWENS, SH# 24698,

                                Defendant(s)
----------------------------------------------------------------X

Case No.: _____

**COMPLAINT**

**TRIAL BY JURY DEMANDED**

**PLAINTIFFS,** SHANNON SMALLS, by and through his attorneys, Benjamin Sharav and Victor J. Molina, as and for his Complaint herein, alleges the following:

## INTRODUCTION

1. This is a civil rights action in which the plaintiff, SHANNON SMALLS seeks relief for the defendants' violations of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983 and the Fourth and fourteenth Amendments of the New York State Constitution and Constitution of the United States.

2. Plaintiff seeks money damages, attorney's fees and such further relief as this Court deems just and proper.

3. This action has been commenced within three years after plaintiff's claim arose by reason of the termination of the criminal prosecution in favor of the plaintiff.

## JURISDICTION AND VENUE

4. This action is brought pursuant to 42 U.S.C. §1983 and 1988, and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution and the laws of the State of New York.

5. This court has original jurisdiction over this action under 28 U.S.C. §1331,1343 (1-4) and 2202.

6. Venue is properly established in the EASTERN District of New York pursuant to pursuant to 28 U.S.C. § 1391 (b). Here, SHANNON SMALLS is resident within the jurisdiction of the U.S. EASTERN District of New York.

## JURY DEMAND

7. Plaintiff demands trial by jury in this action.

## PARTIES

8. Plaintiff SHANNON SMALLS (SMALLS) is an American Citizen residing in Brooklyn, New York.

9. Defendant CITY OF NEW YORK (CITY) is a municipal corporation organized under the laws of the State of New York and the public employer of the police officer named as a defendant in this action.

10. Defendant NEW YORK CITY POLICE DEPARTMENT (NYPD) is an agency of the City of New York, existing and operating by virtue of the laws of the State of New York and the City of New York.

11. At all times relevant herein, defendant POLICE OFFICER BOWENS (P.O. BOWENS) SH#24698 was a Police Officer of the NYPD, acting as an agent, servant and employee of defendant CITY and in furtherance of the scope of his employment and acting under color of the law; to wit under color of statues, ordinances, regulations, policies, customs and usages of the CITY and/or the Police Department.

## FACTUAL BACKGROUND APPLICABLE TO ALL COUNTS

12. On March 25, 2005, at approximately 5:00 pm in the vicinity of West 24th Street and Surf Avenue, County of Kings, City and State of New York, SMALLS was present at that date, time and location.

13. SMALLS was handcuffed and arrested by officers of the New York Police Department and accused of selling narcotics.

14. The investigation or arrest were under the supervision of or carried out by Defendant Police Officer JERRY BOWENS, Shield# 24698.

15. SMALLS and a co-Defendant were arrested by officers of the New York Police Department and charged with selling cocaine.

16. Police swore out a criminal Complaint accusing SMALLS of Criminal Sale of a Controlled Substance in the 3rd degree per NY PL 220.39(1), a class B felony; Criminal Possession of a Controlled Substance in the 7th degree per NY PL 220.03, a class A misdemeanor; and Criminal Possession of a Controlled Substance in the 3rd degree per NY PL 220.16(1) , a class B felony.

17. At the time of the arrest, SMALLS was lawfully at the location of 2950 W. 24th Street, Brooklyn, NY, visiting a tenant at the premises. He was not engaged in any illegal activity.

18. At no time did SMALLS possess or sell cocaine.

19. Police arrested SMALLS with no probable cause to do so.

20. P.O. BOWENS misrepresented and lied about the facts in order for the district attorney's office to secure an indictment.

21.     As a result of the false evidence produced by P.O. BOWENS, SMALLS was forced under threat to defend against the false charges.

22.     SMALLS pled guilty to attempted criminal possession of a controlled substance in the 4th degree.

23.     SMALLS had a prior felony at this time and in order to avoid a greater sentence pled guilty. On February 16, 2005 SMALLS was sentenced to an definite term of imprisonment of 1 year.

24.     While assigned to the Brooklyn South Narcotics Division P.O. BOWENS supplied drugs to an informant in exchanged for information.

25.     On January 18, 2008, P.O. BOWENS was arrested on charges of corruption, falsifying business records and other police misconduct related cases.

26.     In 2009, while P.O. BOWENS' criminal case was pending, he shot and killed his ex-girlfriend. P.O. BOWENS was sentenced to 40 years to life··in prison for murdering Catherine D'Onofrio and shooting Melissa Simmons (who survived).

27.     On or about November 4, 2022, SMALLS'S criminal Court Counsel moved to vacate SMALLS' S conviction pursuant to a writ of error coram nobis. The district attorney's office for the County of Kings consented to SMALLS'S petition for a writ of error coram nobis.

28.     The Supreme Court of the State of New York, County of Kings ordered that SMALLS'S judgment of conviction be vacated on November 4, 2022. In addition, on this same date, it was further ordered that SMALLS'S indictment be dismissed with prejudice.

## CAUSES OF ACTION

## COUNT I: 42 U.S.C. § 1981, 1983 Fourth and Fourteenth
## Amendment Violations: Malicious Prosecution

29. The plaintiff incorporates by reference the allegations set forth in all proceeding paragraphs as if fully set forth herein.

30. On or about March 25, 2005 the defendants initiated a criminal proceeding against the plaintiff by misrepresenting and falsifying evidence in criminal court brought by and signed by then P.O. BOWENS. P.O. BOWENS continued his lies in the grand jury in order to secure an indictment.

31. P.O. BOWENS was the primary witness and there was no other independent evidence to support his claims.

32. Plaintiff states that then P.O. BOWENS did not make a complete and full statement of facts. P.O. BOWENS misrepresented and falsified evidence that created a falsehood in signing the felony complaint and P.O. BOWEN'S lies were material for a finding of probable cause.

33. In commencing and continuing the prosecution of plaintiff, defendants caused plaintiff to be falsely charged with acts in violation of the Penal law of the State of New York.

34. Plaintiff had not given defendant CITY, its agents, servants or employees, including then P.O. BOWENS, probable cause to believe that plaintiff had committed the falsely charged illegal acts.

35. The defendants acted with malice because then P.O. BOWENS did not arrest plaintiff with a desire to see the ends of justice served but rather with a false motive of planting evidence.

36. As a result of the false evidence provided by defendants, plaintiff was forced under threat of issuance of a warrant to defend against false charges.

37.    Plaintiff ultimately was deprived of his liberty by being incarcerated incarceration.

38.    The conduct of the defendants was the direct and proximate cause of plaintiff's loss of liberty and violated plaintiff's statutory rights guaranteed by the laws and Constitution of the State of New York and the United States.

39.    On November 4, 2022, plaintiff's conviction was vacated and the indictment dismissed with prejudice pursuant to an order of the Supreme Court, of the State of New York.

## COUNT II: 42 U.S.C.§1981, 1983 And Fourth Amendment
## Violations For False Arrest

40.    Plaintiff repeats and reiterates the allegations contained in paragraphs "1" through "40" of the complaint as if fully set forth herein.

41.    On or about March 25, 2005 in the County of Kings, New York, SMALLS was unlawfully detained, arrested, imprisoned by agents, servants and/or employees of defendant, CITY including P.O. BOWENS.

42.    That the aforesaid and imprisonment was malicious, unlawful, and not based upon a warrant, probable cause, and or any justification, and was therefore a false arrest and imprisonment.

43.    That defendant CITY, through its agents, servants and/or employees, including police defendants, P.O. BOWENS acted in bad faith and without probable cause in committing the aforesaid arrest and imprisonment of SMALLS.

44.    At the time of SMALLS' unlawful arrest and imprisonment, the defendants, knew or should have known, through the exercise of proper procedure and reasonable investigation, that the aforementioned arrest and imprisonment were false and without probable cause.

45. That the aforesaid arrest and imprisonment was made with knowledge of and/or reckless disregard of the material falseness of the criminal complaint.

46. The aforesaid false arrest and imprisonment caused SMALLS to suffer severe physical injuries, emotional and psychological distress, anguish, anxiety, fear, humiliation and loss of freedom.

47. By reason of the foregoing, the defendants became liable to SMALLS in a sum of money which exceeds the jurisdiction limits of all courts of lesser jurisdiction.

## COUNT III: Municipal Liability For Constitutional Violations: Monell Claim

48. Plaintiff repeats and reiterates the allegations contained in paragraphs "1" through "48" of the complaint as if fully set forth herein.

49. Prior to March 25, 2005, defendant CITY developed and maintained policies and customs which caused the deprivation of plaintiff's Constitutional rights.

50. Prior to March 25, 2005, the responsible policy making officials of defendant CITY knew, or in the exercise of reasonable care should have known, that individual police officers of the CITY had engaged in a pattern and practice of illegal and unconstitutional conduct, including performing false arrests, malicious prosecutions and unconstitutional searches on arrestees. Specifically, defendant CITY knew or should have known that defendant P.O. BOWENS and other Brooklyn police officers had falsely arrested and/or unlawfully searched numerous other people, often resulting in tainted prosecutions.

51. Despite knowledge of the aforesaid, pattern and practice, defendant CITY failed to properly investigate this conduct, and failed to supervise, train and discipline the officers of the New York City Police Department.

52. Defendant CITY adopted a "hands off" policy of custom with regard to such illegal and unconstitutional acts committed by police officers, which encouraged the

individual defendants in this case to believe that they could violate the constitutional rights of the plaintiff with impunity and with the explicit or tacit approval of defendant CITY, in violation of 42. U.S.C. §1983.

53. As a result of the foregoing, plaintiff sustained the damages and injuries previously described, and seeks compensatory damages from the City of New York.

## **DAMAGES**

54. As a direct and proximate result of the said acts of the defendant, SHANNON SMALLS suffered the following injuries and damages:

    a. Violation of his rights under the Fourth and Fourteenth Amendments to the Constitution:

    b. Loss of physical liberty due to incarceration:

    c. Further restriction on their liberty due to forced court appearances;

    d. Humiliation, embarrassment, and injury to reputation;

    e. Extreme emotional distress;

    f. Severe disruption of family.

*WHEREFORE*, the plaintiffs request that the Court grant the following relief:

1. Award compensatory damages in an amount to be determined by the Court

2. Award attorneys' fees as fair and reasonable compensation for services rendered in connection with this action;

3. Grant such and other relief as the Court may deem proper.

Dated: New York, New York
       May 31 , 2024



Benjamin Sharav
IBS-8536
Law Office of VICTOR J. MOLINA
VJM-1741
Attorney for Plaintiffs
930 Grand Concourse, Ste. 1A
Bronx, NY 10451
Tel.: (718) 401-1600

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X   DOCKET NO. _____

SHANNON SMALLS,
                                    Plaintiff(s),          **VERIFICATION**

            -against-

THE CITY OF NEW YORK (CITY); THE NEW
YORK CITY POLICE DEPARTMENT (NYPD);
Individually and in his official capacity as then
NEW YORK CITY POLICE OFFICER, POLICE
OFFICER JERRY BOWENS,
SH# 24698,
                                    Defendant(s)
------------------------------------------------------------X


STATE OF NEW YORK   }
                    }SS:
COUNTY OF BRONX     }

　　　　SHANNON SMALLS, being duly sworn, deposes and states:

1.　　I am the plaintiff in this action.

2.　　I have read the within complaint prepared by my attorney and know the contents thereof. The contents are true to my knowledge, except as to those matters therein stated be on information and belief, and as to those matters, I believe them to be true.

Dated: Bronx, N.Y.

~~March~~ 13, 2024
MAY 13

SS

_____
SHANNON SMALLS

Sign and Sworn before
Me the 13th day
of May 2024

Victor J. Molina
Notary Public, State of New York
No.: 02MO6249338
Qualify in Bronx County
Commission Expires
Nov., 7th 20........

| UNITED STATES DISTRICT COURT<br>for the<br>EASTERN DISRTICT OF NEW YORK | |
|---|---|
| ------------------------------------------------------------X<br>Shannon Smalls,<br><br>           Plaintiff(s),<br>  -against-<br><br>UNITED STATES OF AMERICA,<br>          Defendant<br>------------------------------------------------------------X | DOCKET NO. _____<br><br><br>**COMPLAINT** |
| | BENJAMIN SHARAV IBS-8536<br>VICTOR J. MOLINA VJM-1741<br>Attorney for Plaintiffs<br>930 Grand Concourse, Ste. 1A<br>Bronx, NY 10451<br>Tel.: (718) 401-1600 |
| To: United States Attorney's Office<br>   EASTERN District of New York<br>   Civil Division<br>   271 Cadman Plaza East<br>   Brooklyn, NY 11201<br>   Tel.: (718) 254-6028<br>   Fax.: 718-254-6081 | United States Department of Agriculture<br>Food and Nutrition Service<br>Administrative Review Branch<br>1320 Braddock Place, Room 5042<br>Alexandria, VA 22314 |