| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK<br>------------------------------------------------------------------X<br>SHANNON SMALLS,<br>                                                Plaintiff(s),<br>           -against-<br><br>THE CITY OF NEW YORK (CITY); THE NEW YORK CITY POLICE DEPARTMENT (NYPD); Individually and in his official capacity as then-NEW YORK CITY POLICE OFFICER, POLICE OFFICER JERRY BOWENS, SH# 24698,<br>                                              Defendant(s)<br>------------------------------------------------------------------X | Case #:   1:24-cv-03938-MKB-JRC<br><br>**AMENDED COMPLAINT**<br><br>**TRIAL BY JURY DEMANDED** |

**PLAINTIFF** SHANNON SMALLS, by and through his attorneys**,** **,** as and for his Amended Complaint herein, alleges the following:

## INTRODUCTION

1.      This is a civil rights action in which the plaintiff, SHANNON SMALLS seeks relief for the defendants' violations of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983 and the Fourth and fourteenth Amendments of the New York State Constitution and Constitution of the United States.

2.      The New York City Police Department's ("NYPD") history of abusive and unconstitutional practices toward vulnerable and marginalized New Yorkers under prior administrations is well known to this Court.

3.      Equally well known to this Court is the history of unconstitutional prosecutorial overreach and misconduct by the Kings County District Attorney's Office ("KCDAO") in the 1990s and 2000s, during the tenure of District Attorney Hines.

4.      The conduct of Hynes persisted as he served as District Attorney for over two decades, from 1990 to 2013. The National Registry of Exonerations (a project of the Newkirk

Center for Science & Society at University of California Irvine, the University of Michigan Law School and Michigan State University College of Law), lists numerous exonerations during the "Hynes Era," twenty-five of which prosecutorial conduct was deemed a primary or contributing factor. Several high-profile cases have been overturned because it has been demonstrated that Hynes' KCDAO were deliberately indifferent, a matter of de facto policy, to the constitutional rights of the accused. *Collins v. CITY OF NEW YORK*, 923 F. Supp. 2d 462 (E.D.N.Y. 2013); *Kellner v. CITY OF NEW YORK*, 2021 US Dist. 177698 (E.D.N.Y. 2021).

5. This created an atmosphere which effectively encouraged constitutional deprivations by the NYPD (in the form of illegal searches, arrests, excessive force, false affidavits and malicious prosecutions), which the KCDAO assistants then ratified with prosecutions.

6. The combination of the NYPD over-aggressive policing, coupled with the KCDAO moving forward with the malicious prosecutions, created an environment where wrongful convictions were a more than highly infrequent occurrence.

7. Plaintiff Smalls was a victim of systemically unconstitutional practices by the NYPD and the KCDAO in decades past. Facing Rockefeller-era drug sentences in a system that invariably credited the accounts of officers over those of impoverished persons of color, Smalls had no choice but to plead guilty to the charges that were manufactured against him.

8. Individuals, like Plaintiff Smalls, labored under the weight of these unjust convictions and the stigma of their accompanying collateral consequences, including denial of housing, public benefits, employment opportunities, and family reunification.

9. In 2022, however, an investigation by the KCDAO – now led by a reform-minded District Attorney Eric Gonzalez ("Gonzalez") committed to righting the wrongs of his predecessor – uncovered a group of 13 NYPD officers who had committed serious misconduct

relating directly to their job duties. This cabal of officers included Jerry BOWENS, a former NYPD narcotics detective. As a result of this investigation, the New York State courts ultimately granted writs of error coram nobis vacating judgments convicting a total of 378 persons of crimes based on the testimony of one or more of the disgraced officers. According to KCDAO, this mass exoneration was the sixth largest in American history.

10. While the judgments against the 378 exonerated criminal defendants were vacated and the underlying accusatory instruments were dismissed, the writ of error coram nobis issued in each of the 378 cases explicitly refused to refund any fines, fees, assessments, restitution, or other assessments already paid by the exoneree in connection with the now-dismissed case.

11. Plaintiff seeks money damages, attorney's fees and such further relief as this Court deems just and proper.

12. This action has been commenced within three years after plaintiff's claim arose by reason of the termination of the criminal prosecution in favor of the plaintiff.

## JURISDICTION AND VENUE

13. This action is brought pursuant to 42 U.S.C. §1983 and 1988, and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution and the laws of the State of New York.

14. This court has original jurisdiction over this action under 28 U.S.C. §1331,1343 (1-4) and 2202.

15. Venue is properly established in the EASTERN District of New York pursuant to pursuant to 28 U.S.C. § 1391 (b). Here, SHANNON SMALLS is resident within the jurisdiction of the U.S. EASTERN District of New York.

## JURY DEMAND

16. Plaintiff demands trial by jury in this action.

## PARTIES

17. Plaintiff Shannon Smalls (Smalls) is an American Citizen residing in Brooklyn, New York.

18. Defendant CITY OF NEW YORK (CITY) is a municipal corporation organized under the laws of the State of New York and the public employer of the police officer named as a defendant in this action.

19. Defendant NEW YORK CITY POLICE DEPARTMENT (NYPD) is an agency of the CITY OF NEW YORK, existing and operating by virtue of the laws of the State of New York and the CITY OF NEW YORK.

20. At all times relevant herein, defendant POLICE OFFICER BOWENS (P.O. BOWENS) SH#24698 was a Police Officer of the NYPD, acting as an agent, servant and employee of defendant CITY and in furtherance of the scope of his employment and acting under color of the law; to wit under color of statues, ordinances, regulations, policies, customs and usages of the CITY and/or the Police Department.

## FACTUAL BACKGROUND APPLICABLE TO ALL COUNTS

21. On March 25, 2005, at approximately 5:00 pm in the vicinity of West 24th Street and Surf Avenue, County of Kings, City and State of New York, SMALLS was present at that date, time and location.

22. SMALLS was handcuffed and arrested by undercover Police Officer JERRY BOWENS, Shield# 24698 and other officers of the New York Police Department and accused of selling "crills," a street term for a form of crack cocaine.

23. SMALLS and a co-Defendant were arrested by BOWENS and other officers of the New York Police Department and charged with selling cocaine.

24. Based on a statement provided by BOWENS as informant, Police swore out a criminal Complaint accusing SMALLS of Criminal Sale of a Controlled Substance in the 3rd degree per NY PL 220.39(1), a class B felony; Criminal Possession of a Controlled Substance in the 7th degree per NY PL 220.03, a class A misdemeanor; and Criminal Possession of a Controlled Substance in the 3rd degree per NY PL 220.16(1), a class B felony.

25. At the time of the arrest, SMALLS was lawfully at the location of 2950 W. 24th Street, Brooklyn, NY, visiting a tenant at the premises. He was not engaged in any illegal activity.

26. At no time did Smalls possess or sell cocaine.

27. Police arrested Smalls with no probable cause to do so.

28. On or about P.O. June 3, 2005, a grand jury in Kings County handed up a six-count indictment against Smalls and a co-Defendant on the basis of false testimony given by OWENS.

29. The top charge in the indictment was Criminal Sale of a Controlled Substance in the Third Degree [per New York Penal Law 220.39(1)], a Class B felony.

30. As a result of the false evidence produced by P.O. BOWENS, Smalls was forced under threat to defend against the false charges.

31. SMALLS had a prior felony at this time and was advised by his criminal attorney that if he went to trial, he would be convicted based on the testimony of a police officer and that he would be sent to prison for ten years or more.

32. Faced with the likelihood—or near certainty of a prison sentence of many years for a crime which he did not commit, Smalls accepted an offered plea bargain and pled

guilty to Criminal Possession of a Controlled Substance in the Fourth Degree [per NYPL 220.09].

33. On February 16, 2005, Smalls was sentenced to an definite term of imprisonment of 1 year.

34. On January 18, 2008, after Smalls had served his prison sentence, P.O. BOWENS was arrested on charges of corruption, falsifying business records and other police misconduct related cases.

35. In 2009, while P.O. BOWENS' criminal case was pending, he shot and killed his ex-girlfriend. P.O. BOWENS was sentenced to 40 years to life··in prison for murdering Catherine D'Onofrio and shooting Melissa Simmons (who survived).

36. More than a decade later, on or about November 4, 2022, Smalls' criminal Court Counsel moved to vacate Smalls' conviction pursuant to a writ of error coram nobis. The district attorney's office for the County of Kings consented to Smalls' petition for a writ of error coram nobis.

37. The Supreme Court of the State of New York, County of Kings ordered that Smalls' judgment of conviction be vacated on November 4, 2022. In addition, on this same date, it was further ordered that Smalls' indictment be dismissed with prejudice.

## CAUSES OF ACTION

### COUNT I:
### 42 U.S.C. § 1981, 1983 Fourth and Fourteenth Amendment Violations: Malicious Prosecution. Against all Defendants

38. The plaintiff incorporates by reference the allegations set forth in all proceeding paragraphs as if fully set forth herein.

39. On or about March 25, 2005 the defendants initiated a criminal proceeding against the plaintiff by misrepresenting and falsifying evidence in criminal court brought by

and signed by then P.O. BOWENS. P.O. BOWENS continued his lies in the grand jury in order to secure an indictment.

40. P.O. BOWENS was the primary witness and there was no other independent evidence to support his claims.

41. Plaintiff states that then P.O. BOWENS did not make a complete and full statement of facts. P.O. BOWENS misrepresented and falsified evidence that created a falsehood in signing the felony complaint and P.O. BOWEN'S lies were material for a finding of probable cause.

42. In commencing and continuing the prosecution of plaintiff, defendants caused plaintiff to be falsely charged with acts in violation of the Penal law of the State of New York.

43. Plaintiff had not given defendant CITY, its agents, servants or employees, including then P.O. BOWENS, probable cause to believe that plaintiff had committed the falsely charged illegal acts.

44. The defendants acted with malice because then P.O. BOWENS did not arrest plaintiff with a desire to see the ends of justice served but rather with a false motive of planting evidence.

45. As a result of the false evidence provided by defendants, plaintiff was forced under threat of issuance of a warrant to defend against false charges.

46. Plaintiff ultimately was deprived of his liberty by being incarcerated incarceration.

47. The conduct of the defendants was the direct and proximate cause of plaintiff's loss of liberty and violated plaintiff's statutory rights guaranteed by the laws and Constitution of the State of New York and the United States.

48. On November 4, 2022, plaintiff's conviction was vacated and the indictment dismissed with prejudice pursuant to an order of the Supreme Court, of the State of New York.

49. Defendants New York Police Department and CITY OF NEW YORK are liable for Malicious prosecution because (*i*) P.O. BOWENS was acting as their agent and in the scope of his employment when he committed the acts that give rise to this count; (*ii*) the volume and of the violations committed by P.O. BOWENS and other officers indicate that these acts were systemic and that prosecutors and other officials had notice and should have known that these constitutional violations were going on.

## COUNT II:
## 42 U.S.C.§1981, 1983 And Fourth Amendment Violations
## For False Arrest

50. The plaintiff incorporates by reference the allegations set forth in all proceeding paragraphs as if fully set forth herein.

51. On or about March 25, 2005 in the County of Kings, New York, Smalls was unlawfully detained, arrested, imprisoned by agents, servants and/or employees of defendant, CITY including P.O. BOWENS.

52. That the aforesaid and imprisonment was malicious, unlawful, and not based upon a warrant, probable cause, and or any justification, and was therefore a false arrest and imprisonment.

53. That defendant CITY, through its agents, servants and/or employees, including police defendants, P.O. BOWENS acted in bad faith and without probable cause in committing the aforesaid arrest and imprisonment of Smalls.

54. At the time of Smalls' unlawful arrest and imprisonment, the defendants, knew or should have known, through the exercise of proper procedure and reasonable investigation, that the aforementioned arrest and imprisonment were false and without probable cause.

55. That the aforesaid arrest and imprisonment was made with knowledge of and/or reckless disregard of the material falseness of the criminal complaint.

56. The aforesaid false arrest and imprisonment caused Smalls to suffer severe physical injuries, emotional and psychological distress, anguish, anxiety, fear, humiliation and loss of freedom.

57. By reason of the foregoing, the defendants became liable to Smalls in a sum of money which exceeds the jurisdiction limits of all courts of lesser jurisdiction.

## COUNT III:
## 14 U.S.C. §1981, 1983 And Fourteenth Amendment
## Violations For Fabrication of Evidence

58. The plaintiff incorporates by reference the allegations set forth in all proceeding paragraphs as if fully set forth herein

59. On or about March 25, 2005 in the County of Bronx, New York, Smalls was unlawfully detained, arrested, imprisoned by agents, servants and/or employees of the defendant, P.O BOWENS acting in the scope of employment and as agent for Defendant CITY OF NEW YORK and New York Police Department.

60. The aforesaid and imprisonment was malicious, unlawful, and not based upon a warrant, probable cause, and or any justification but based on fabricated - evidence.

61. That defendant CITY OF NEW YORK, through its agents, servants and/or employees, including police defendants P.O. BOWENS acted in bad faith and without probable cause in committing the aforesaid arrest and imprisonment of P.O. BOWENS. Police Officer BOWENS fabricated information, to wit he lied about his observation of Smalls participation in a sale of crack-cocaine.

62. The aforesaid arrest and imprisonment was made with fabricated evidence as sworn to in the criminal complaint. The information P.O. BOWENS gave to prosecutors

formed the basis for Smalls ' prosecution and P.O. BOWENS became aware that this fabricated evidence if believed would likely influence a jury's verdict and convict Smalls.

63. The aforesaid fabrication of evidence caused deprived Smalls of his liberty for a year, along with a further restriction of his liberty by being placed on supervised release.

## COUNT IV:
## Municipal Liability For Constitutional Violations: Monell Claim

64. The plaintiff incorporates by reference the allegations set forth in all proceeding paragraphs as if fully set forth herein.

65. Prior to March 25, 2005, defendant CITY OF NEW YORK developed and maintained policies and customs which caused the deprivation of plaintiff's Constitutional rights.

66. Prior to March 25, 2005, the responsible policy making officials of defendant CITY knew, or in the exercise of reasonable care should have known, that individual police officers of the CITY had engaged in a pattern and practice of illegal and unconstitutional conduct, including performing false arrests, malicious prosecutions and unconstitutional searches on arrestees. Specifically, defendant CITY knew or should have known that defendant P.O. BOWENS and other Brooklyn police officers had falsely arrested and/or unlawfully searched numerous other people, often resulting in tainted prosecutions.

67. Despite knowledge of the aforesaid, pattern and practice, defendant CITY failed to properly investigate this conduct, and failed to supervise, train and discipline the officers of the New York City Police Department.

68. Defendant CITY adopted a "hands off" policy of custom with regard to such illegal and unconstitutional acts committed by police officers, which encouraged the individual defendants in this case to believe that they could violate the constitutional rights of

the plaintiff with impunity and with the explicit or tacit approval of defendant CITY, in violation of 42. U.S.C. §1983.

69. As a result of the foregoing, plaintiff sustained the damages and injuries previously described, and seeks compensatory damages from the CITY OF NEW YORK.

## DAMAGES

70. As a direct and proximate result of the said acts of the defendant, SHANNON Smalls suffered the following injuries and damages:

- a. Violation of his rights under the Fourth and Fourteenth Amendments to the Constitution:
- b. Loss of physical liberty due to incarceration:
- c. Further restriction on their liberty due to forced court appearances;
- d. Humiliation, embarrassment, and injury to reputation;
- e. Extreme emotional distress;
- f. Severe disruption of family.

*WHEREFORE*, the plaintiffs request that the Court grant the following relief:

1. Award compensatory damages in an amount to be determined by the Court

2. Award attorneys' fees as fair and reasonable compensation for services rendered in connection with this action;

3. Grant such and other relief as the Court may deem proper.

| Dated: New York, New York<br>December 3, 2024 | |
|---|---|
| | Benjamin Sharav<br>IBS-8536<br>Law Office of VICTOR J. MOLINA<br>VJM-1741<br>Attorney for Plaintiffs<br>930 Grand Concourse, Ste. 1A<br>Bronx, NY 10451<br>Tel.: (718) 401-1600 |

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X  CASE #: 1:24-cv-03938-MKB-JRC

SHANNON SMALLS,

                         Plaintiff(s),

     -against-

                                              AFFIRMATION OF SERVICE

THE CITY OF NEW YORK (CITY); THE NEW
YORK CITY POLICE DEPARTMENT (NYPD);
Individually and in his official capacity as then
NEW YORK CITY POLICE OFFICER, POLICE
OFFICER JERRY BOWENS,
SH# 24698,

                         Defendant(s)
-------------------------------------------------------------------X

**I, BENJAMIN SHARAV** affirm the following under awareness of the penalties of perjury:

      1.      I am an attorney licensed in the courts of the State of New York and in the United States Court for the Southern District of New York and am not a party to this action.

      2.      On December 3, 2024, I served the AMENDED COMPLAINT on Defendants THE CITY OF NEW YORK (CITY); THE NEW YORK CITY POLICE DEPARTMENT (NYPD) by sending via e-mail to ServiceECF@law.nyc.gov, the e-mail address established by the NEW YORK CITY LAW DEPARTMENT/ Office of Corporation counsel for service of process on that Agency.

Dated:   New York, New York
              December 3, 2024

**BENJAMIN SHARAV, Esq.**
IBS-8536
Tel.: 917-392-9887
Juris_ben@msn.com
Law Office of VICTOR J. MOLINA
Attorney for Plaintiffs
930 Grand Concourse, Ste. 1A
Bronx, NY 10451
Tel.: (718) 401-1600

# UNITED STATES DISTRICT COURT
for the
EASTERN DISRTICT OF NEW YORK

---

Shannon Smalls,

                      Plaintiff(s),

    -against-

UNITED STATES OF AMERICA,

                      Defendant

CASE #: 1:24-cv-03938-MKB-JRC

**AMENDED COMPLAINT**

---

BENJAMIN SHARAV IBS-8536
VICTOR J. MOLINA VJM-1741
Attorney for Plaintiffs
930 Grand Concourse, Ste. 1A
Bronx, NY 10451
Tel.: (718) 401-1600

---

To:
CITY OF NEW YORK,
New York City Police Department
CORPORATION COUNSEL,
New York City Law Department
100 Church Street
New York, NY 10007

JERRY BOWENS, DIN 09A5598
Clinton Correctional Facility
1156 Route. 374, Dannemorra, NY 12929